# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MOSS,<br><br>        Plaintiff,<br><br>    v.<br><br>SGT. BOWERMEN, et al.,<br><br>        Defendants. | Case No. 1:18-cv-01191-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Amy Moss ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On January 10, 2019, the Court screened Plaintiff's complaint and granted her leave to amend. (ECF No. 10.) Plaintiff's first amended complaint, filed on January 30, 2019, is currently before the Court for screening. (ECF No. 12.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly,

1

550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at the Central California Women's Facility in Chowchilla, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Sgt. Bowermen; (2) Officer J. Gayona; (3) Officer Gonzalo Gil-Maravilla; (4) Officer Darrell Mount; (5) Officer Eric Longcor; and (6) Officer Judy Mendoza.

Claim I

In Claim I, Plaintiff asserts a claim for excessive force in violation of her Eighth Amendment rights. She alleges that on March 9, 2017, feces and water were coming up from drains flooding the tier and cells. Plaintiff was having chest pains and Defendant Gil-Maravilla called a cone one medical emergency. Medical staff responded, but did not take Plaintiff's vitals or take her to "TTA." (ECF No. 12 at 6.) The medical emergency was cleared. Plaintiff then went to talk to a sergeant or call for help. As she was walking out of the sally port, she was thrown into the wall by Defendant Longcor. Defendant Gil-Maravilla then slammed her into the ground. Defendant Longcor grabbed Plaintiff's left arm, bending it intentionally, and an officer had a knee in her back, while her legs and feet were being shackled. When Plaintiff stood up, she had pain in her neck, left foot and arm. She was then taken to a program cage without a medical exam.

After several hours in the cage, Defendant Gayona said she was instructed by Defendant Bowerman to escort Plaintiff to a medical exam. Defendant Gayona took Plaintiff into a restroom. While restrained in handcuffs and shackles, Plaintiff was thrown into the wall and slammed to the

floor by Defendant Gayona. Defendant Mount came into the restroom and held Plaintiff down while Defendant Gayona placed a knee in Plaintiff's face, smashing it to the ground. Plaintiff never received a medical exam, but she had sustained a knot on her forehead, bruising and leg and foot pain.

Defendant Bowerman later escorted Plaintiff to Ad-Seg, antagonizing her and telling her to spit on him so that he could slam her again. Defendant Bowerman reportedly told Plaintiff that it was what she got for touching one of his officers. Defendant Bowerman put Plaintiff in an Ad-Seg shower for five hours even though there was a room ready.

### Claim II

In Claim II, Plaintiff asserts a violation of her Eighth Amendment right to medical care. In relevant part, Plaintiff alleges as follows:

> I called for a medical emergency. Medical staff responded, however did not treat me. I then had two use of force incidents both on 3-9-17. One at 1135 AM in which I was not treated. Another at 1440 again not treated. I sustained foot, neck injuries. I was not given an x-ray till a month later. Once some healing did occur. I now have physical therapy and continuous problems with my foot as well as continued pain. That yet has still not been resolved. Possible nerve damage. There was never post force incident comprehensive medical information documented showing no medical attention was given to plaintiff.

(ECF No. 12 at 7-8.)

### Claim III

In Claim III, Plaintiff asserts a violation of her Eighth and Fourth Amendment rights. Plaintiff alleges as follows:

> Plaintiff was sent to Ad-Seg for a assault on staff on August 8, 2018. Housed in Ad-Seg given a MERD date which is the day of being released from Ad-Seg/Shu due to the term sentence over which was on November 5, 2018. I was housed in Ad-Seg Shu till December 6, 2018. Without reason or proper cause. I did not pursue my 602 due to the conditions of my confinement. I kinda gave up even though it is a valid claim. Because they kept me in segregation. Wrongful segregation as well as false imprisonment then released me after going in front of board of prison terms.

(ECF No. 12 at 8.)

As relief, Plaintiff seeks a declaratory judgment, along with compensatory and punitive damages.

///

### III.     Discussion

#### A.     Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff fails to link Defendant Mendoza to any of the allegations in the amended complaint. Plaintiff previously was cautioned that her prior complaint failed include factual allegations, including identifying the individuals involved in the various events. Despite being directed to clearly state who was involved in the events, Plaintiff has failed to include Defendant Mendoza in any factual allegations.

#### B.     Eighth Amendment – Excessive Force

Plaintiff's allegations of excessive force arise under the Eighth Amendment to the United States Constitution. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (1986).

"The objective component of an Eighth Amendment claim is ... contextual and responsive

4

to contemporary standards of decency." Hudson, 503 U.S. at 8 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).

In Claim I, Plaintiff appears to allege two separate incidents of excessive force—one while exiting the sally port and one at the hands of Officers Gayona and Mount. With respect to the incident occurring while exiting the sally port, Plaintiff does not allege any injury resulting from the purported use of excessive force, and it appears that prison officials were attempting to apply force in order to restore discipline as Plaintiff was attempting to leave the sally port. Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 562 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Id. (quoting Hudson, 503 U.S. at 9–10) (quotation marks omitted). In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). Plaintiff has been unable to cure the deficiencies in this claim.

As to the second incident in the shower, however, the Court finds that Plaintiff has stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Gayona and Mount. Although Plaintiff repeatedly references Defendant Bowerman, there is no indication that he directed the use of force or was otherwise involved in the use of force incident.

**C.     Eighth Amendment - Denial of Access to Medical Treatment**

Plaintiff's claim of denial of medical care also arises under the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that

5

failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo Cty., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and the official must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Moreover, negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191–92 (E.D. Cal. 2008).

Plaintiff's complaint appears to allege three separate incidents in which her right to medical care were violated. In the first incident, Plaintiff alleges that she was having chest pains, but was not evaluated by medical staff responding to the medical emergency. These allegations fail to state a cognizable claim against any prison staff. There is no indication that Plaintiff had a serious medical need or that she was at substantial risk of serious harm. Plaintiff does not allege that she sustained any injuries resulting from the purported failure to address her chest pains.

In the second incident, Plaintiff complains that she did not receive any medical treatment following the first use of force event. However, as discussed above, there is no indication that Plaintiff sustained any injuries from that event or that she had a serious medical need and prison officials failed to adequately respond.

In the third incident, Plaintiff against complains that she did not receive any medical treatment following the second use of force event. However, based on Plaintiff's allegations, there is no indication that any named defendant was aware of a serious medical need and failed to adequately respond. Although Plaintiff alleges that she was injured, there is no indication that she requested medical treatment or that her injuries were apparent to prison officials.

Plaintiff has been unable to cure the deficiencies in this claim.

### E. Exhaustion of Administrative Remedies – Claim III

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

In Claim III, Plaintiff alleges a violation of her rights arising out of her placement in Ad-Seg. However, Plaintiff concedes that she did not exhaust her administrative remedies regarding this claim in compliance with the PLRA, section 1997e(a). Accordingly, this claim should be dismissed.

### F. Declaratory Relief

Plaintiff's complaint seeks a declaratory judgment. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Recommendation

Based on the foregoing, the Court finds that Plaintiff's amended complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants

Gayona and Mount. However, Plaintiff's complaint fails to state any other cognizable claims for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in her complaint and thus further leave will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a district judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on January 30, 2019, against Defendants Gayona and Mount for excessive force in violation of the Eighth Amendment; and

2 All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted, including Claim III and Plaintiff's request for declaratory relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 22, 2019**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE