# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MOSS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOWERMEN, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01191-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR 60-DAY EXTENSION OF TIME AS MOOT<br>(ECF No. 14)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br>(ECF No. 13) |

Plaintiff Amy Moss ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 22, 2019, the Magistrate Judge issued findings and recommendations finding that Plaintiff's first amended complaint stated a cognizable claim against Defendants Gayona and Mount for excessive force in violation of the Eighth Amendment but failed to state any other cognizable claims for relief against any other defendants. (ECF No. 13.) The Magistrate Judge recommended that all other claims, including Plaintiff's claim for declaratory relief, and all other defendants, be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted. Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after

1

service. (Id.)

On May 9, 2019, Plaintiff filed a motion for a sixty-day extension of time to file her objections to the findings and recommendations, together with her objections. (ECF Nos. 14, 15.) As Plaintiff's objections were timely filed, the motion for extension of time is denied as moot.

In her objections, Plaintiff argues that the Magistrate Judge erred by dismissing her other excessive force claim and her deliberate indifference to medical needs claims. Plaintiff has attached exhibits that she argues demonstrate that she suffered injuries for which she did not receive adequate treatment. Plaintiff also contends that she is not obligated to fully exhaust her administrative remedies with respect to her claim that she was placed in Ad-Seg. (ECF No. 15.)

Plaintiff's objections are unpersuasive. As discussed in the findings and recommendations, Plaintiff's conclusory allegations that she suffered injuries and that those injuries were not addressed by prison staff are not sufficient to state cognizable claims. While Plaintiff purports to provide evidence that she suffered an injury while exiting the sally port, the documentation provided recorded only that Plaintiff suffered a scratch, and Plaintiff does not allege that the use of force was wanton and or unnecessary. With respect to Plaintiff's claims regarding medical care, the documentation provided does not support Plaintiff's contention that she was never seen by medical staff, that any of the named defendants were aware that she sustained any injuries from that event, or that she had a serious medical need to which prison officials failed to adequately respond.

Finally, with respect to Plaintiff's argument concerning exhaustion, the cited authority is inapplicable. Plaintiff is correct that in Lira v. Herrera, 427 F.3d 1164 (9th Cir. 2005), the Ninth Circuit Court of Appeals rejected the "total exhaustion" rule. However, the Court is not dismissing the entirety of Plaintiff's case due to her failure to exhaust her administrative remedies as to a single claim. Rather, Plaintiff's unexhausted claim is dismissed, without prejudice, and any other claims that are found to be cognizable and exhausted will be permitted to proceed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and

by proper analysis.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time to file objections to the findings and recommendations, (ECF No. 14), is denied as moot;
2. The findings and recommendations issued on April 22, 2019, (ECF. No. 13), are adopted in full;
3. This action shall proceed on Plaintiff's first amended complaint against Defendants Gayona and Mount for excessive force in violation of the Eighth Amendment;
4. Claim III is dismissed, without prejudice, due to Plaintiff's failure to exhaust administrative remedies;
5. Plaintiff's remaining claims, including Plaintiff's claim for declaratory relief, and all other defendants are dismissed from this action, with prejudice, based on Plaintiff's failure to state claims upon which relief may be granted; and
6. This action is referred back to the Magistrate Judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated: __**May 16, 2019**__ _____**/s/ Lawrence J. O'Neill**_____
UNITED STATES CHIEF DISTRICT JUDGE