# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MOSS,<br><br>    Plaintiff,<br><br>v.<br><br>BOWERMEN, *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-01191-NONE-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 39) |

Plaintiff Amy Moss ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Mount and Gaona[1] for excessive force in violation of the Eighth Amendment.

On November 20, 2019, the Court issued a discovery and scheduling order setting the deadline for completion of all discovery for July 20, 2020, and the deadline to file dispositive motions for September 28, 2020. (ECF No. 29.) Defendants filed a motion for summary judgment for failure to exhaust administrative remedies, together with a motion to stay merits-based discovery, on February 11, 2020. (ECF Nos. 33, 34.) The motion to stay merits-based discovery was granted on February 13, 2020. (ECF No. 35.)

Currently before the Court is Defendants' motion to modify the scheduling order, filed September 22, 2020. (ECF No. 39.) Defendants state that there is good cause to modify the discovery and scheduling order because they were diligent in filing their motion for summary judgment for failure to exhaust administrative remedies, which may dispose of the entire case.

---

[1] Erroneously sued as "Gayona."

1

Although Defendants are ready to conduct merits-based discovery and to file a merits-based motion for summary judgment if the exhaustion motion is denied, it is not feasible or practicable to prepare a merits-based summary judgment motion without conducting Plaintiff's deposition. Defendants cannot conduct Plaintiff's deposition due to the Court's order staying merits-based discovery. Defendants therefore request that the Court modify the discovery and scheduling order to allow completion of merits-based discovery and the filing of dispositive motions within a reasonable time after the Court rules on the exhaustion motion. (Id.)

Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

Having considered the request, the Court finds good cause to grant the requested relief. Fed. R. Civ. P. 16(b)(4). Consideration of Defendant's exhaustion motion may dispose of the entire case, and it would be a waste of the parties' time and resources to require the completion of merits-based discovery and the possible filing of a motion for summary judgment on the merits prior to a ruling on the exhaustion motion. Finally, the Court finds that Plaintiff will not be prejudiced by the relief granted here.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify scheduling order, (ECF No. 39), is GRANTED;
2. The discovery and non-exhaustion dispositive motion deadlines set forth in the November 20, 2019 discovery and scheduling order, (ECF No. 29), are VACATED; and
3. The discovery and non-exhaustion dispositive motion deadlines will be reset, as necessary, following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated: **September 23, 2020**        /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE