# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY MOSS,<br><br>         Plaintiff,<br><br>   v.<br><br>BOWERMEN, *et al.*,<br><br>         Defendants. | Case No.  1:18-cv-01191-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 33)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Amy Moss ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Mount and Gaona[1] for excessive force in violation of the Eighth Amendment.

On February 11, 2020, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust her available administrative remedies with respect to the allegations asserted in this action.  (ECF No. 33.)  Plaintiff filed her opposition on March 13, 2020.  (ECF No. 36.)  Defendants' reply was filed on March 18, 2020.  (ECF No. 37.)  Discovery has been stayed pending resolution of the motion for summary judgment on the issue of exhaustion.[2]

---

[1] Erroneously sued as "Gayona."

[2] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the

1

**LEGAL STANDARD**

**A.     Statutory Exhaustion Requirement**

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 638 (2016) ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. at 741, and unexhausted claims may not be brought to court, *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino*, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. *Id.*

**B.     Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*,

---

prolonged delay in resolution.

747 F.3d at 1166; *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

///

///

///

# DISCUSSION

**A.   Summary of CDCR's Administrative Appeal Process - Prior to June 2020**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010).

Prior to June 2020,[3] the California Department of Corrections and Rehabilitation ("CDCR") permitted its prisoners the right to administratively appeal any departmental decision, action, policy, omission, or condition that has an adverse material effect on the inmate's welfare. When filing appeals, inmates have to follow the procedures set forth in Title 15, sections 3084.1 through 3085 of the California Code of Regulations. Cal. Code Regs. tit. 15, §§ 3480–3085 (repealed eff. June 1, 2020), 3480–3487 (eff. June 1, 2020). Inmates were required to "submit the appeal within 30 calendar days of: (1) The occurrence of the event or decision being appealed, or; (2) Upon first having knowledge of the action or decision being appealed, or; (3) Upon receiving an unsatisfactory departmental response to an appeal filed." *Id.,* § 3084.8(b)(1)-(3).

Under Title 15, a prisoner procedurally exhausts his appeal by receiving a decision at the third and final level of formal review. Cal. Code Regs. tit. 15, §§ 3084.1, 3084.7. During the time period at issue, an inmate needed to complete all three steps to exhaust administrative remedies.

First, he had to submit an Inmate/Parolee Appeal Form 602 ("First Level Appeal") to the appeals coordinator of the prison where his claims arose. If the inmate did not receive adequate relief at the first level, he had to submit a second level appeal to the prison's hiring authority, i.e., the warden or someone designated by the warden ("Second Level Appeal"). If the inmate did not receive adequate relief at the second level, he had to submit a third level appeal to the Office of Appeals in Sacramento ("Third Level Appeal"). "The third level of review exhaust[ed]

---

[3] CDCR's grievance procedures changed in 2020. The regulations described in this order are those that were in effect between 2017 and 2019.

administrative remedies." *Id.*, §§ 3084.2(a)-(d), 3084.7.

In addition to being granted or denied on the merits, if an appeal was procedurally defective, it could be rejected with "clear and sufficient instructions" on how to fix the appeal, or cancelled entirely. *Id.*, § 3084.6. A prisoner was required to appeal a cancellation to exhaust administrative remedies. *Id.*, §§ 3084.1(b), 3084.6(e).

**B.     Summary of Allegations Underlying Plaintiff's Claims**

After screening, the sole remaining claim proceeding in this matter is an Eighth Amendment excessive force claim against Defendants Mount and Gaona for an incident on March 9, 2017. Other incidents on March 9, 2017, not involving Mount and Gaona, were screened out.

**C.     Statement of Undisputed Facts[4]**

Plaintiff filed the complaint in this matter on September 4, 2018 while housed in the custody of California Department of Corrections and Rehabilitation ("CDCR"). The First Amended Complaint was filed on January 30, 2019. Plaintiff proceeds on an Eighth Amendment excessive force claim against Defendants Mount and Gaona for a March 9, 2017 incident.

In discovery responses, Plaintiff identified the following three grievances that she claims exhaust her remaining claim against Defendants: (1) CCWF-X-18-01817; (2) CCWF-C-19-00129; and (3) CIW-HC-18000427. (UF ¶9.)

**1.     Grievance CCWF-X-18-01817**

The California Institution for Women ("CIW") appeals office received a grievance from Plaintiff entitled, "RVR—Re: Staff Complaint," on June 11, 2018, assigned it log number CIW-18-00842. (UF ¶10.) CIW screened out log number CIW-18-00842 because it involved an issue arising out of Central California Women's Facility ("CCWF"), and forwarded it to CCWF for

---

[4] Hereinafter referred to as "UF." The UF are taken from a combination of Defendant's Statement of Undisputed Material Facts. (ECF No. 33-2), Plaintiff's first amended complaint (ECF No. 12), and Plaintiff's opposition to the motion (ECF No. 36). Plaintiff filed her opposition in response to Defendants' statement of undisputed facts which identifies six disputed facts (ECF No. 36, p. 5), as required by Local Rule 260(b), but did not dispute any of Defendants' Undisputed Facts. In light of Plaintiff's pro se status, the Court considers the record before it in its entirety, including her attached exhibits (ECF No. 36 pp.10–93) and addresses Plaintiff's disputed facts, *infra*. However, only those assertions in the opposition which have evidentiary support in the record will be considered. Unless otherwise indicated, disputed and immaterial facts are omitted from this statement.

5

processing. (UF ¶10.) At CCWF, the log number was reassigned as CCWF-X-18-01817, and accepted the grievance at the Second Level of Review. (UF ¶11.) On August 7, 2018, CCWF-X-18-01817 was partially granted at the second level concluding that staff did not violate CDCR policy. (UF ¶¶12 13.)

Plaintiff appealed CCWF-X-18-01817 to the Third Level of Review which accepted the grievance for review on August 24, 2018. (UF ¶14.) On December 13, 2018, after this action had been filed, the Third Level of Review cancelled CCWF-X-18-01817 on December 13, 2018 in accordance with California Code of Regulations ("CCR"), Title 15, § 3084.8(b). (UF ¶15.) Plaintiff was aware of her appealable issue on March 9, 2017, but her appeal was not received by the appeals office until June 11, 2018, which exceeded time constraints. (UF ¶15.)[5] Under CDCR regulations, erroneous acceptance or processing of an appeal at a lower level of review does not preclude the Third Level of Review from cancelling the appeal. (UF ¶16.)

Plaintiff was advised that she could file a separate appeal regarding the cancellation at the Third Level decision of appeal for CCWF-X-18-01817. (UF ¶17.) This original appeal, CCWF-X-18-01817, may only be resubmitted if the appeal of the cancellation is granted. (UF ¶17.)

**2. CCWF-C-19-00129**

On January 14, 2019, the CCWF appeals office received a grievance from Plaintiff entitled, "Cancellation of 602 log # CCWF-X-18-01817," which was assigned log number CCWF-C-19-00129. (UF ¶19.) CCWF-C-19-00129 was rejected at the First Level of Review pursuant to CCR § 3084.6(b)(7), on January 22, 2019. (UF ¶19.) It was cancelled because it was missing necessary supporting documents including the appeal in question, and specifics on the issue she was appealing, including the materials adverse effect the issue had on her health, safety, welfare, status, and/or program. (UF ¶19.) Plaintiff was advised she could take the corrective action necessary and resubmit the grievance within the timeframes specified in CCR § 3084.6(a) and CCR §3084.8(b). (UF ¶20.) Plaintiff did not resubmit CCWF-C-19-00129. (UF ¶21.)

///

---

[5] In her opposition to the motion, Plaintiff does not dispute that she knew the March 9, 2017 incident was appealable at that time of the incident, but instead, argues that administrative remedies were not available. The availability of administrative remedies is discussed *infra*.

1     **3. CIW-HC-18000427**

2     Plaintiff submitted an additional grievance, on or about May 11, 2018, regarding her left

3 foot pain, headaches, and a Gabapentin prescription. (UF ¶22.) The grievance was assigned log

4 number CIW HC 18000427. (UF ¶22.) On July 18, 2018, the Institutional Level responded to the

5 grievance and provided intervention. (UF ¶24.) Plaintiff appealed the grievance to the

6 Headquarters' Level, which was received by Headquarters on August 27, 2018. (UF ¶25.) On

7 November 20, 2018, the Headquarters' Level responded to the grievance and provided no

8 additional intervention. (UF ¶26.)

9   **D.**     **Parties' Positions in the Motion**

10     **1.**     **Defendants' Motion**

11     The incident at issue in the case occurred on March 9, 2017. Plaintiff was required to

12 exhaust her administrative remedies prior to September 4, 2018, when she filed this action, given

13 that the original complaint and the first amended complaint named Defendants Mount and Gaona

14 and asserted constitutional violations arising out of the March 9, 2017 incident. Defendants argue

15 that of the grievances identified by Plaintiff as exhausting her Eighth Amendment excessive force

16 claim, one was cancelled, one was rejected, none were exhausted prior to the date she brought this

17 lawsuit, and none grieved the incident at issue in this lawsuit. None of the grievances exhausted

18 Plaintiff's excessive force claims against Defendant Mount and Gaona.

19     CCWF-X-18-01817 was untimely, cancelled, and did not grieve the incident at issue in

20 this lawsuit. This grievance was filed a year after the incident and it was screened out, but was

21 ultimately cancelled at the Third Level as untimely. Cancellation of the grievance does not

22 exhaust administrative remedies. The grievance also does not include any allegations against

23 Defendants Mount and Gaona. (ECF No. 33-1, p. 11.)

24     CCWF-C-19-00129 remains rejected due to Plaintiff's failure to submit the necessary

25 supporting documents. The appeal was rejected at the first level of review because Plaintiff failed

26 to attach the necessary supporting documents. Plaintiff unsuccessfully attempted to appeal the

27 cancellation of CCWF-X-18-01817 for exceeding time limits, she still would not have been able

28 to overcome the fact that she had already filed suit prior to the adjudication of the grievance. (*Id*.

1    at 12.)

2    CIW-HC-18000427 was an untimely healthcare grievance filed at a different institution
3    that did not grieve the incident at issue in this lawsuit.  This appeal was filed a year after the
4    incident, and while exhausted, Plaintiff had already filed this lawsuit prior to the exhaustion. This
5    grievance did not put the institution on notice of Plaintiff's excessive force allegations against
6    Defendants Mount and Gaona.

7    Plaintiff filed her lawsuit prior to exhausting administrative remedies, failed to grieve the
8    specific facts underlying the Eighth Amendment excessive force claim proceeding in this lawsuit,
9    and two of the grievances were ultimately rejected or cancelled.

10   **2.    Plaintiff's Opposition**

11   Plaintiff alleges she exhausted to the third level in the best of her ability and is excused
12   under the circumstances.  (ECF No. 36.) The primary purpose of a grievance is to alert the prison
13   of the problem and facilitate a resolution.

14   On March 3, 2017, Plaintiff was placed in administrative segregation and was dependent
15   on staff to provide the 602 appeal paperwork.  One month after not receiving any help, Plaintiff
16   wrote the prison law office on April 4, 2017.  Plaintiff was transferred to another prison on June
17   1, 2017.  Within 10 days, Plaintiff was able to submit the grievance on June 11, 2017.  Plaintiff
18   was transferred back and forth for two years.  Plaintiff argues she is excused from exhausting.

19   Plaintiff argues she is excused for failure to exhaust because she did not have access to the
20   necessary grievance forms to timely file.  She states she was dependent upon staff for the forms.
21   Plaintiff further argues that she does not need to identify all defendants in grievances, if the
22   description in the grievance is defective. Plaintiff took all steps to exhaust her administrative
23   remedies that were available when they were available.  Plaintiff was delayed by prison officers
24   as well as institution transfers.

25   Plaintiff raises six disputed facts.  (ECF No. 36, pp. 5–6.)  Plaintiff states: (1) Plaintiff
26   requesting copies of RVR dispositions a needed form for processing appeals per title 15
27   3084.6(6)(7) in delaying Plaintiff's access to the appeal process; (2) The continuous transfer of
28   Plaintiff from prison to prison without paperwork again delaying Plaintiffs right to appeal and

8

justify lateness of appeal; (3) Letter to government claims and return explaining asking permission for late filing; (4) Notification of delay of appeal process; (5) Letter from prison law office regarding appeal and incident that they failed to give Plaintiff any medical attention post use of force shows Plaintiff's attempts to get proper paperwork for appeals grievance; and (6) Plaintiffs letter from healthcare grievance 18000427 stating the decision exhaust all administrative remedies.[6]

Plaintiff's opposition is not signed under penalty of perjury.

### 3. Defendants' Reply

Plaintiff failed to admit or deny Defendants' undisputed facts, and thus there is no genuine dispute of material fact that precludes entry of summary judgment. Plaintiff's disputed facts are immaterial or irrelevant and her six "disputed" facts are either immaterial, irrelevant, or unsupported by the evidence. She failed to sign her opposition or statement of disputed facts under the penalty of perjury.

Plaintiff argues that her failure to exhaust should be excused. This is not an exception to the PLRA exhaustion requirements, as the only exception is availability of the administrative process. It is undisputed that Plaintiff used the administrative process by filing grievances. Plaintiff's statement that she was reliant on staff to provide the 602 appeal paperwork, is contradicted by her statements in the letter to the Government Claims Program that she could exhaust. (ECF No. 36, p. 14 (she has "done several medical 602 so [she] could properly file appeals, claims, petitions.").)

Plaintiff states she was able to submit a grievance on June 11, 2017, but none of the grievances identified by Plaintiff as exhausting her administrative remedies were submitted in the year 2017. (Defs.' Undisputed Facts (UF), ECF No. 33-2 at No. 9.) Rather, CIW received CCWF-X-18-01817 on June 11, 2018. (DUF 10.) CCWF received CCWF-C-19-00129 on January 14, 2019. (UF 18.)

///

---

[6] The Court has reviewed the entirety of Plaintiff's exhibits, approximately 80 pages, attached to her opposition. (ECF No. 36, pp. 10–93.)

None of the grievances alerted the prison to the nature of the wrongs in this lawsuit. None of the grievances related to the excessive force incident on March 9, 2017 involving Defendants Mount and Gaona. CCWF-X-18-01817 was devoid of any allegations that Defendants Mount or Gaona used force on Plaintiff, and while she attached an incident report to the grievance, it pertained to a separate incident involving different staff that preceded the incident at issue in the lawsuit. (ECF No. 37, p. 5.) CCWF-C-19-00129 only pertained to the cancellation of CCWF-X-18-01817. (UF 18.) And CIW-HC-18000427 pertained to Plaintiff's healthcare treatment at an entirely different prison in which she requested an MRI of her left foot, Gabapentin, and treatment for headaches. None of the grievances related to the excessive force claims against Mount and Gaona.

**E.   Analysis of Motion**

  **1.   Timeliness of the Appeals**

It is undisputed that Plaintiff identified three inmate appeals which she contends exhausted her administrative remedies. Plaintiff does not dispute that the three inmate appeals are the applicable appeals. The first appeal, CCWF-X-18-01817, received on June 18, 2018, was untimely and cancelled. (UF ¶¶11–14). This appeal was not submitted until June 18, 2018, well over a year after the March 9, 2017 incident. (*See* ECF No. 33-2, p. 26; ECF No. 36, p. 20.) Inmates were required to submit the appeal within 30 calendar days of the incident. Cal. Code Regs. tit. 15, § 3084.8(b)(1)-(3). Thus, the first appeal, CCWF-X-18-01817, submitted over a year after the incident, is untimely.

In addition, the first appeal, CCWF-X-18-01817, while submitted before this litigation was filed, was cancelled at the Third Level of Review on December 18, 2018. (UF ¶15.) Thus, the first appeal, CCWF-X-18-01817, did not complete the Third Level of review for the March 9, 2017 incident at issue in this litigation. The undisputed facts show that the first appeal, CCWF-X-18-01817, did not exhaust the March 9, 2017 incident at issue in this litigation.

The second appeal, CCWF-C-19-00129 submitted on January 14, 2019, was an appeal of the untimely and cancelled first appeal, CCWF-X-18-01817. (UF ¶18.) That second appeal, CCWF-C-19-00129, was itself cancelled because it was missing information. Plaintiff did not

further appeal CCWF-C-19-00129. Thus, the second appeal did not exhaust the March 9, 2017 incident at issue in this litigation.

The third appeal, CIW HC 18000427, was submitted about May 11, 2018, over a year after the incident at issue in this litigation. (UF ¶22.) On November 20, 2018, the Headquarters' Level responded to the grievance and provided no additional intervention. (UF ¶26.) Thus, the third appeal did not exhaust the March 9, 2017 incident at issue in this litigation.

The undisputed evidence shows that Plaintiff has failed to exhaust her administrative remedies against Defendants because all three appeals were untimely and were not exhausted through the Third Level.[7] None of the grievances filed by Plaintiff during the relevant time exhausted the March 9, 2017 incident because they were either rejected or cancelled as time barred.

**2.     Unavailability of the Administrative Remedies**

An inmate must exhaust available remedies, but need not exhaust unavailable ones. *Ross v. Blake*, 578 U.S. 632, 642 (2016). In *Ross*, the Supreme Court identified three circumstances in which administrative remedies may be considered effectively unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643–44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation

---

[7] During the pendency of the motion for summary judgment, the United States Court of Appeals for the Ninth Circuit decided the case of *Saddozai v. Davis*, 35 F.4th 705 (9th Cir. 2022). In *Saddozai*, the Ninth Circuit held that "a prisoner who has fully complied with the PLRA's exhaustion requirement need not file an entirely new federal case simply because he had not exhausted when he filed his original federal complaint." *Id.* at 706. Accordingly, the Ninth Circuit reversed the district court's dismissal of the plaintiff's third amended complaint on grounds including failure to exhaust prior to commencing suit, holding that the PLRA's exhaustion requirements apply based on the filing date of the *operative* complaint. *Id.* at 708 (emphasis added).

The parties have not filed any briefs addressing the potential effect of *Saddozai* on the instant action, nor does the Court find further briefing necessary. The operative complaint in this action is the first amended complaint, filed January 30, 2019. (ECF No. 12.) Although some of the relevant grievances were resolved prior to the filing of the first amended complaint, because none of the grievances were fully exhausted through the Third Level or the grievances were unrelated to the excessive force claims raised in this action, the *Saddozai* does not alter the Court's findings and recommendations.

to exhaust – irrespective of any 'special circumstances.' " *Id.* at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id.* at 639.

Plaintiff's arguments raise the third *Ross* factor, that prison officials were thwarting her attempts to use the grievance process. Plaintiff argues that the administrative remedies were effectively unavailable because she "was solely depended on staff to provide the 602 appeal paperwork." (ECF No. 36, p. 6.)

Here, however, there is no evidentiary support for Plaintiff's statement that she was denied forms from prison staff. Indeed, there is no evidence that Plaintiff asked for the forms from staff (at any time), that she was denied the forms, or that staff even knew she wanted to file an appeal. Plaintiff's opposition is not signed under penalty of perjury, and she does not provide foundational or supporting information as to her requests, if any, for appeals documents.[8] District courts in this Circuit have held that a prisoner-plaintiff's vague and conclusory statements that he was denied access to grievance forms are insufficient to defeat summary judgment on exhaustion grounds. *See*, *e.g*., *Rood v. Burden*, No. 1:20-CV-00315 AWI CDB PC, 2023 WL 2504891, at *8 (E.D. Cal. Mar. 14, 2023) (collecting cases), report and recommendation adopted, No. 1:20-CV-00315 AWI CDB PC, 2023 WL 2840775 (E.D. Cal. Apr. 7, 2023); and *see generally*, *Rivera v. AMTRAK*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by factual data cannot defeat summary judgment.").

Plaintiff cited *Marella v. Terhune*, 568 F.3d 1024 (9th Cir. 2009), but this case is not on point. In *Marella*, the trial court erred in not adequately considering the evidence submitted by the plaintiff, that he had been in the hospital for the entire appeal process period, that he did not have access to the required documents. Here, however, the Court has reviewed the full scope of Plaintiff's evidence. (ECF No. 36, pp. 10–93.) The evidence shows that she submitted her first appeal over a year after the incident. During the time immediately after the March 9, 2017 incident, Plaintiff was able to communicate with the Prison Law Office soon after the March 9,

---

[8] The *Rand* notice in this case provided sufficient notice about evidence that should be submitted. (ECF No. 33-2, p. 2.)

2017 incident because the law office's correspondence triggered an April 4, 2017 memo from California Correctional Healthcare Services. (ECF No. 36, p. 17 (Memo responding to Prison Law Office about Plaintiff).) It is undisputed that Plaintiff knew she had to appeal the claim of excessive force but did not do so in a timely manner. Her evidence does not raise an issue of fact that remedies were effectively unavailable.

### 3. Plaintiff's Six Disputed Facts

In her opposition, Plaintiff identified six "disputed" facts. The Court turns to each fact.

>   a. Plaintiff requesting copies of RVR dispositions a needed form for processing appeals per title 15 3084.6(6)(7) in delaying Plaintiff's access to the appeal process

This fact is irrelevant and immaterial to whether Plaintiff timely submitted appeals/grievances of the March 9, 2017 excessive force incident. Plaintiff had the necessary information to file an appeal on the day force was used and there is no evidence she was prevented from filing an appeal that day. Therefore, this "disputed' fact does not raise an issue of fact.

>   b. The continuous transfer of plaintiff from prison to prison without paperwork again delaying plaintiffs right to appeal and justify lateness of appeal

Plaintiff argues that administrative remedies were unavailable because she was frequently transferred between institutions. This argument does not raise material issues of fact that Plaintiff exhausted administrative remedies.

Frequent transfers do not excuse timely exhaustion. A transfer from an institution in which a cause of action arises does not necessarily excuse the requirement that an inmate must exhaust his administrative remedies prior to filing suit in federal court. District courts largely agree that a prisoner's transfer to another institution ordinarily does not, by itself, render the grievance procedure unavailable. *See*, *e.g.*, *Falls v. Perez*, No. 5:19-02311-JWH (ADS), 2023 WL 2558551, at *7 (C.D. Cal. Mar. 6, 2023), report and recommendation adopted, No. 5:19-02311 JWH (ADS), 2023 WL 3821160 (C.D. Cal. June 5, 2023) (Plaintiff does not provide any evidence showing the administrative remedy was unavailable due to his transfer); *Beckwith v.*

*McCullough*, No. EDCV16662MWFMRW, 2017 WL 1377732, at *2 (C.D. Cal. Feb. 6, 2017) ("[a] prisoner's transfer to another institution ordinarily does not excuse the failure to exhaust or render the grievance procedure unavailable").

Plaintiff does not provide any evidence showing the administrative remedy was unavailable due to her institutional transfers. An untimely appeal, when caused by a transfer, does not prevent a plaintiff from exhausting administrative remedies. *Falls*, 2023 WL 2558551, at *7. Plaintiff was not transferred to a new institution until three months after the incident, on June 1, 2017. (ECF No. 36, Opposition, p. 5 (Fact 2).) Plaintiff had the necessary information to file an appeal on the day force was used and had nothing preventing her from filing an appeal that day. *See Harvey v. Jordan,* 605 F.3d 681, 684 (9th Cir. 2010) (holding Plaintiff had enough information the day the excessive force was used to file a grievance). Plaintiff had enough information to file the appeal on March 9, 2017, the day Defendants allegedly used excessive force against her. Plaintiff has failed to submit evidence that she was unable to file her grievance prior to, or after, her transfer and her conclusory allegations to the contrary are insufficient. Plaintiff has failed to create a dispute of material fact that her transfers made the grievance procedure unavailable to her.

          c. <u>Letter to government claims and return explaining asking permission for late filing</u>

In Plaintiff's evidence, Plaintiff refers to a letter dated June 13, 2018 to the Government Claims Board where she requests relief for a late claims filing. (ECF No. 36, p. 13.) This letter is immaterial to whether Plaintiff timely submitted appeals/grievances of the March 9, 2017 excessive force incident. Plaintiff's exhaustion of state law remedies is independent of exhaustion of administrative remedies for purposes of bringing a §1983 case. *See McCoy v. Torres*, No. 1:19-CV-01023, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020) (citation omitted) ("The 'obligation to comply with the Government Claims Act' is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act."), report and recommendation adopted, No. 1:19-CV-01023 NONE JLT PC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021). This "disputed" fact does not raise a material issue of fact.

        d.   Notification of delay of appeal process in health care appeal

It unclear what Plaintiff is arguing. As the issue involved in this case is excessive force, and not a healthcare appeal, this fact is immaterial and irrelevant.

        e.   Letter from prison law office regarding appeal and incident

The letter is California Correctional Health Care Services response regarding a letter received from The Prison Law Office requesting a *Plata v. Brown* follow-up regarding nursing documentation for the use of force incident on March 9, 2027. (ECF No. 36, p. 17.) The letter responds to the Prison Law Office's request "Please address the concerns about nursing documentation regarding the force incident involving Ms. Moss that took place on March 9, 2017." The letter then explains that "no comprehensive medical information was found." *Id.* Thus, this letter does not address exhaustion of administrative remedies. As the issue involved in this case is excessive force, and is not a health care appeal or medical care, this fact is immaterial and irrelevant.

        f.   Plaintiff's letter from healthcare grievance 18000427 stating the decision exhaust all administrative remedies

While it is undisputed that CIW HC 18000427 (Plaintiff's third appeal) was exhausted through the Third Level, that grievance is both untimely and unrelated to the excessive force claims at issue in this lawsuit. The grievance was exhausted on November 20, 2018, but Plaintiff had already filed her lawsuit over two months earlier—on September 4, 2018. Because she filed suit before CIW HC 18000427 was exhausted through the Third Level, this grievance did not properly exhaust her administrative.

In addition, the third appeal, CIW HC 18000427, was a healthcare appeal and did not identify excessive force, in any manner, as the subject of the appeal. (ECF No. 33-2, p. 148.) The appeal states: "My L foot is still having problems. It was injured on 3/9/17 and then reinjured in Feb. of 18. I have only been given lay-ins and Tylenol x-rays. This is an ongoing problem. I'm in pain and still would like an MRI and gavapiton back. I also still have headaches. The imitiex is not working." *Id.* The subject of the appeal was health care issues, not excessive force.

///

Plaintiff cites several cases for the proposition that she need only alert the prison to her claims and that she need not name all defendants in a grievance. (ECF No. 36, pp. 7–8.) She is correct. However, this point is irrelevant. The issue before the Court is whether Plaintiff timely submitted grievances/appeals to exhaust her remedies.  Here, the Court has found that she has failed to do so.  The third appeal, CIW HC 18000427, was not fully exhausted until after she had filed her complaint in this matter.

Nonetheless, and even if the third appeal were timely, CIW HC 18000427 did not alert prison officials that she was challenging force used against her on March 9, 2017. A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations. *Jones v. Bock,* 549 U.S. 199, 218 (2007). The California regulations require only that an inmate "describe the problem and the action requested." Cal.Code Regs. tit. 15, § 3084.2(a). Where a prison's regulations are "incomplete as to the factual specificity [required in an inmate's grievance], a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted).

The third appeal, CIW HC 18000427, alerts prison officials only to lack of medical care and additional medical care required. (ECF No. 33-2, p. 148 (foot, medication, pain, MRI).)  The description of the claim does not mention excessive force.  It does not mention that force of any kind was used.  It merely says that Plaintiff was injured on 3/9/17, which could have been caused in any manner.  In the third appeal, Plaintiff does not challenge how she was injured or mention that force caused the injury.  Thus, this healthcare request does not adequately give notice that Plaintiff was challenging excessive force used against her and does not exhaust excessive force claims.

## **RECOMMENDATIONS**

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Defendants' motion for summary judgment, (ECF No. 33), be GRANTED;

///

2. This action be DISMISSED, without prejudice, for failure to exhaust administrative remedies; and

3. The Clerk of the Court be DIRECTED to enter judgment accordingly and close this case.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 2, 2024**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE