**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY MOSS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BOWERMEN, *et al.*,<br><br>　　　　　Defendants. | No.  1:18-cv-1191 JLT BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 33, 43) |

　　　　Amy Moss seeks to hold the defendants liable for violations of her civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Mount and Gaona[1] for excessive force in violation of the Eighth Amendment. (Doc. 16 at 3; *see also* Doc. 12.) Defendants moved for summary judgment, asserting "Plaintiff failed to exhaust available administrative remedies as required under the Prison Litigation Reform Act." (Doc. 33.)

　　　　The magistrate judge noted Plaintiff identified three inmate appeals, which the magistrate judge found did not exhaust the claims in issue. (Doc. 43 at 10-11.) In addition, the magistrate judge rejected Plaintiff's argument that her ability to use the grievance process was thwarted, finding no evidentiary support for her statement that she was denied forms. (*Id.* at 12.) The magistrate judge found it was "undisputed that Plaintiff knew she had to appeal the claim of excessive force but did not do so in a timely manner." (*Id.* at 13.)  Furthermore, the magistrate

---
[1] Erroneously sued as "Gayona."

1

1  judge found Plaintiff's transfers between facilities did not excuse timely exhaustion, because
2  there was no "evidence showing the administrative remedy was due to her institutional transfers."
3  (*Id.* at 13-14.) The magistrate judge observed Plaintiff was not transferred for three months after
4  the underlying incident and had the necessary information to submit an appeal. (*Id.* at 14.) The
5  magistrate judge concluded Plaintiff "failed to create a dispute of material fact that her transfers
6  made the grievance procedure unavailable to her." (*Id.*) Therefore, the magistrate judge
7  recommended Defendants' motion for summary judgment be granted and the action be dismissed
8  without prejudice. (*Id.* at 17.)

9  Plaintiff filed objections to the Findings and Recommendations, maintaining that she was
10 "continuously transferred" and "bouncing from institution to institution." (Doc. 44 at 1.) She
11 maintains that she was not able to exhaust her administrative remedies and filed the lawsuit to
12 avoid the two-year statute of limitations. (*Id.* at 1-2.)

13 As the magistrate judge observed, Plaintiff did not submit any evidence to support her
14 assertions that the transfers rendered her unavailable to exhaust administrative appeals. Indeed, as
15 the magistrate judge found—and Plaintiff does not dispute—Plaintiff was not transferred for three
16 months after the underlying event. On these facts, the Court is unable to find the subsequent
17 transfers support a conclusion that administrative remedies were unavailable.  *See, e.g., Lindsey v.*
18 *Vasquez*, 2023 WL 4306176, at *1 (E.D. Cal. June 30, 2023) (transfer to another CDCR
19 institution does not relieve a plaintiff of the obligation to pursue administrative remedies before
20 filing a civil action); *see also Martin v. Longardener*, 2023 WL 8435824, at *1 (E.D. Cal. Dec. 5,
21 2023) ("A transfer from an institution in which a cause of action arises does not necessarily
22 excuse the requirement that an inmate must exhaust his administrative remedies prior to filing suit
23 in federal court"). Plaintiff fails to show she was unable to exhaust available administrative
24 remedies.

25 According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this
26 case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes
27 the Findings and Recommendations are supported by the record and proper analysis.  Thus, the
28 Court **ORDERS**:

2

1. The findings and recommendations issued on February 2, 2024 (Doc. 43) are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 33) is **GRANTED**.
3. This action is **DISMISSED** without prejudice for failure to exhaust administrative remedies; and
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **February 24, 2024**

UNITED STATES DISTRICT JUDGE

3